SHIVERS, Judge,
dissenting.
I respectfully dissent, and would affirm the order of the Commission on Human Relations.
First, I do not agree with my colleagues’ view that the phrase “annual reappointment in the manner prescribed by law” refers to the procedural requirements of section 230.33(7), Florida Statutes, rather than to the provisions of section 760.10, Florida Statutes. Assuming that the phrase did refer to section 230.33(7) (which is a subsection of the section listing the duties and responsibilities of a school superintendent), that section contains no statutory exceptions to age discrimination. Thus, section 760 would apply to hiring under section 230.33(7) and it would remain discriminatory for a superintendent to refuse to recommend a teacher for an annual contract position, based solely on age.
Second, I agree with the Commission’s rationale that the exception to the application of section 112.044 applies only to the School Board’s ability to remove a teacher from tenured status after reaching age 70, but that the denial of annual contracts for teachers over age 70, based solely on age, is prohibited by the anti-discrimination language in section 760.10(l)(a). Despite appellant’s argument that 760.10 is excepted from 231.031 by implication, it is the generally accepted rule of statutory construction that where exceptions are made in a statute, there is a strong inference that other exceptions were not intended. 49 Fla. Jur.2d, Statutes, sections 199, 200. Ex-pressio wrvius est exclusio alterius.
The Commission’s decision provides a reasonable construction of section 231.031, which does not deny effect to the statute, but rather limits the effect of the exception of section 112.044 to the termination of tenured teachers. As was pointed out by the Commission, had the Legislature intended that Chapter 760 be excepted from section 231.031, or that teachers reaching age 70 could be discriminated against based on age, even as to annual contract status, the Legislature could have specifically provided so, as it did when it stated in section 321.04(4) that no highway patrol officer shall serve beyond the age of 62 “any provision of the laws of this state to the contrary notwithstanding.” I would affirm the Commission.